CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Atonio W. Godinet

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATONIO W. GODINET,<br><br>    Plaintiff,<br><br>vs.<br><br>HAWAIIAN AIRLINES, INC.,<br><br>    Defendant. | CIVIL NO. _____<br><br>COMPLAINT; JURY DEMAND; SUMMONS |

## COMPLAINT

COMES NOW, Plaintiff ATONIO GODINET, by and through his attorneys, Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff ATONIO GODINET (hereinafter "GODINET") is and was at all times mentioned herein a resident of the State of Hawaii, and is now a resident of Las Vegas, Nevada.

2. Defendant HAWAIIAN AIRLINES, INC., (hereinafter "HAWAIIAN") is a foreign profit corporation incorporated in the State of Delaware, with a principal place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant HAWAIIAN on July 8, 2008, as a Ramp Agent. Plaintiff's job was to load and unload baggage. Plaintiff became disabled after a work injury on September 20, 2015. Plaintiff injured his low back while doing his job as a ramp agent lifting baggage. Plaintiff had to have two low back surgeries in 2016.

4. On June 2, 2020, Plaintiff was terminated from his position with Defendant HAWAIIAN due to discrimination based on his disabilities, and in retaliation for complaining about discrimination.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to the Americans With Disabilities Act (ADA) of 1990, and the Americans With Disabilities Act Amendments Act (ADAAA) of 2008.

6. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment

Opportunity Commission ("EEOC") on December 22, 2020, which was received on or after December 23, 2020.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant HAWAIIAN on July 8, 2008, as a Ramp Agent. Plaintiff's job was to load and unload baggage.

8. On December 22, 2020, Plaintiff was terminated from his position with Defendant HAWAIIAN due to his disabilities. Defendant HAWAIIAN failed to accommodate Plaintiff's disabilities so he could have continued to work for Defendant HAWAIIAN. Plaintiff's disabilities were due to a lumbar injury which prevented him from walking, lifting and working, and for which he had to have two surgeries in 2016.

9. On September 20 2015, Plaintiff suffered a work injury to his back which developed from which he became disabled. Plaintiff could not walk, lift, or work due to a lumbar injury, and then had to have two surgeries in 2016.

10. On June 27, 2016, Plaintiff had returned to work and requested accommodations due to physical restrictions and shift availability.

11. Defendant HAWAIIAN would not provide the accommodations and Plaintiff was re-injured on May 31, 2017.

12. On October 31, 2017, Plaintiff was given permanent restrictions and could no longer perform his duties as a ramp agent.

13. Plaintiff asked to be accommodated with another job with Defendant HAWAIIAN which he could perform with his abilities, such as a job in the control center, customer services, or in the main office of Defendant HAWAIIAN. Defendant HAWAIIAN refused to allow Plaintiff another position that he could have performed. Plaintiff had a degree from the University of Hawaii, and could have performed these other jobs requested.

14. On August 26, 2019, Defendant HAWAIIAN asked Plaintiff to resign and offered him $1,000.00, for his resignation.

15. Plaintiff asked Defendant HAWAIIAN to allow him flight benefits if he agreed to take an early retirement. Defendant HAWAIIAN was allowing other employees who were not injured to take early retirement and give them flight benefits. Plaintiff complained to Defendant HAWAIIAN that they were discriminating against him because he was hurt.

16. Plaintiff complained to Defendant HAWAIIAN that they were discriminating against him due to his disability and because he had complained about discrimination.

17. If not for Plaintiff being injured at work and complaining about discrimination, Plaintiff would not have been refused accommodation and terminated Plaintiff from his employment with Defendant HAWAIIAN.

## COUNT I

## DISABILITY DISCRIMINATION

18. Plaintiff incorporates paragraphs 1 through 17 as though fully set forth herein.

19. The Americans With Disabilities Act of 1990 (ADA), and the Americans With Disabilities Amendment Act of 2008 (ADAAA), prohibits discrimination due to a disability.

20. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the ADA, and the ADAAA.

21. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

22. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

23. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful

embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II

## WHISTLEBLOWER'S PROTECTION ACT

24. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

25. The discrimination and termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of a violation of law for which Plaintiff is entitled to an award of damages to be proven at trial.

26. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

    A.    For reinstatement to employment with Defendant HAWAIIAN with all benefits reinstated; and

    B.    For all damages to which Plaintiff is entitled, including general damages for personal physical injury and other general damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, March 22, 2021.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Atonio Godinet